# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                        Plaintiff,

v.                                                                  Case No. 14-CR-28-4-JPS

TRAVIS ARRINGTON,

                                                **ORDER**

                        Defendant.

In late 2014, this Court sentenced Defendant to a term of imprisonment of time served, to be followed by a 3-year term of supervised release. (Docket #109). In early 2015, the Court issued a warrant for Defendant's arrest in light of allegations by the Probation Office that he had violated numerous conditions of his supervision. (Docket #134, #135). Although it is now almost two years since the warrant issued, Defendant has not yet been brought before this Court for a revocation hearing.

It appears from the Court's docket and its review of publicly available state court records that since the revocation warrant was issued, Defendant has been incarcerated in the custody of various states for criminal conduct. As a result, the Court's warrant has not been executed but has instead been lodged as a detainer, informing the state officials that Defendant should be released into federal custody after serving his state sentence. *See* (Docket #136, #166, #171, #175). At present, the State of Wisconsin has custody of Arrington, who was sentenced in March 2017 to a 2-year term of imprisonment after pleading guilty to a charge of retail theft, in Kenosha County Case No. 2016CF000335.

On February 1, 2018, Defendant filed a motion indicating that he wishes to voluntarily submit to revocation of the term of supervised release imposed by this Court. (Docket #176). The motion appears to arise from Defendant's frustration that a federal detainer looms over his state incarceration and prevents him from participating in "treatment programs" offered by the Wisconsin Department of Corrections. *Id.* at 3. He claims that the delay in bringing him into this Court for revocation proceedings violates his due-process rights. *Id.* at 2–3.

Defendant is wrong, and his motion must be denied. A warrant issued for a federal revocation need not be executed until the expiration of the defendant's present incarceration in another jurisdiction—here, Wisconsin. Whatever right Defendant might enjoy in a speedy revocation proceeding, it cannot attach until he is released from state custody and taken into federal custody. As the Seventh Circuit has explained, although a federal detainer might "disqualif[y] [a prisoner] from certain prison jobs and programs during his state incarceration, such deprivations do not implicate a constitutionally protected interest," nor does a long-pending revocation detainer run afoul of the Constitution, the Speedy Trial Act, or the Interstate Agreement on Detainers. *United States v. Brown*, 480 F. App'x 417, 419 (7th Cir. 2012).

Defendant's case is similar to *United States v. Gomez-Diaz*, 415 F. App'x 890, 893 (10th Cir. 2011), in which the defendant served a prison term for a federal offense, was released on supervision, and then ended up in state custody for a different crime. The defendant filed a motion requesting that his federal term of supervision be terminated, as it expired during his state incarceration. *Id.* He viewed the federal revocation

detainer as a violation of his due-process and statutory rights in a speedy revocation. *Id.*

The Tenth Circuit disagreed. First, because the federal arrest warrant was issued before the expiration of the term of federal supervision, it tolled the expiration of that term, meaning that the defendant could still be haled into federal court for a federal revocation proceeding after his release from state custody. *Id.* at 894. Second, his right to a speedy revocation proceeding under the Constitution or any federal statute would not begin to run until he was taken into federal custody. *Id.* ("[B]ecause Mr. Gomez–Diaz is not in federal custody, he does not have a right to a revocation hearing or otherwise a 'speedy trial' on such an issue."); *Moody v. Daggett*, 429 U.S. 78, 89 (1976). Likewise, the IAD did not compel a federal revocation hearing to occur, as it only applied to untried criminal charges, not supervised release revocation detainers. *Gomez-Diaz*, 415 F. App'x at 894; *Carchman v. Nash*, 473 U.S. 716, 725–28 (1985).

*Gomez-Diaz* explains why Defendant cannot receive the relief he seeks. Although he wants to concede his violations rather than terminate his federal supervision, he has no right to compel the government to commence or complete federal revocation until he is taken into federal custody. As a result, his motion will be denied.

Accordingly,

**IT IS ORDERED** that Defendant's motion for voluntary revocation of his term of supervised release (Docket #176) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 8th day of February, 2018.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge